**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN KONG DIU,

                              Plaintiff,

v.

CYBERSECURITY,

                              Defendant.

Case No.:  25-cv-2331-BJC-MSB

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**

**[ECF Nos. 1, 2]**

**INTRODUCTION**

On September 8, 2025, John Kong Diu, proceeding *pro se*, filed the instant complaint. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 2. For the reasons discussed below, the Court DENIES Plaintiff's motion to proceed IFP and dismisses the complaint without prejudice.

**DISCUSSION**

**I. Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* U.S.C. § 1914(a); CivLR 4.5. A court may authorize the commencement of a

1

suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fee. *See* 28 U.S.C. § 1915(a).

Plaintiff contends he receives monthly payments of $1,226 in disability payments and $2,232 in public assistance. ECF No. 2 at 2. He reports no employment history for the last two years, no bank accounts, and no assets. *Id*. at 2-3. He lists $83 per month for utilities as his sole expense. As submitted, it appears Plaintiff is able to pay the one-time filing fee. As such, the motion to proceed IFP is DENIED.

## II. Screening of the Complaint

A complaint filed by any person proceeding *in formal pauperis* pursuant to 28 § 1915(a) is subject to a mandatory and *sua sponte* review, and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). A court may also dismiss an action *sua sponte*, at any time, for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *Harmon v. Superior Ct. of State of Cal. In & For Los Angeles Cnty.*, 307 F.2d 796, 797 (9th Cir. 1962).

In his complaint, Plaintiff names "Cybersecurity" as the defendant in the caption but includes "N/A" in the portion of the complaint in which he is required to list the defendants. ECF No. 1 at 2. He asserts federal question jurisdiction and jurisdiction based upon a federal defendant. *Id*. at 3. However, he includes no information on the defendant he refers to as "Cybersecuity" beyond describing it as "unknown cybersecurity" and stating "Cybersecurity cut off social security reel payment" to support jurisdiction. *Id*. at 3, 4. In support of his claims for relief, Plaintiff refers to "Cybersecurity" taking action to "cut off [his] social security wire industry," and he refers to a 6.2% increase in "social security reel income" and records that are separated onto two networks. *Id*. at 5-6.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to "contain: (1)

25-cv-2331-BJC-MSB

a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Plaintiff's allegations fail to clearly identify the alleged federal defendant "Cybersecurity" and the legal theories upon which he seeks relief. The complaint vaguely refers to the defendant as "Cybersecurity" and "unknown cybersecurity." Additionally, the complaint lists two claims and references the Fourth Amendment in the second claim, but lacks any intelligible facts regarding an unreasonable search or seizure. Generally, courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, "a liberal interpretation of a [*pro se*] complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). As alleged, Plaintiff fails to comply with Rule 8.

## CONCLUSION AND ORDER

Based on the foregoing, the Court DISMISSES the complaint without prejudice pursuant to § 1915(e)(2)(B)(ii)) and DENIES Plaintiff's motion to proceed IFP. Plaintiff may file an amended complaint addressing the deficiencies noted above **no later than May 15, 2026**. To proceed with an amended complaint, Plaintiff must pay the filing fee **no later than May 15, 2026**.

**IT IS SO ORDERED**.

Dated: April 14, 2026

Honorable Benjamin J. Cheeks
United States District Judge